# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| VINCENT HARRINGTON,<br>　　　　　　Appellant, | DOCKET NUMBER<br>CH-0752-21-0234-I-1 |
| 　　　v. | |
| DEPARTMENT OF THE ARMY,<br>　　　　　　Agency. | DATE:　September 10, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Vincent Harrington</u>, Bloomington, Indiana, pro se.

<u>Emily L. Macey</u>, Esquire, Rock Island, Illinois, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal as untimely filed without good cause shown for the delay. For the reasons discussed below, we GRANT the appellant's petition for review, and VACATE the initial decision, but we DISMISS the appeal as barred by res judicata.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

On January 11, 2019, the agency issued a decision removing the appellant from his position as an Equal Employment Specialist effective January 18, 2019. *Harrington v. Department of the Army*, MSPB Docket No. CH-0752-21-0234-I-1, Initial Appeal File (0234 IAF), Tab 6 at 48-53. On January 17, 2019, the appellant filed a formal discrimination complaint with the agency challenging his removal, which the agency accepted on February 5, 2019. *See Harrington v. Department of the Army*, MSPB Docket No. CH-0752-19-0154-I-1, Initial Appeal File (0154 IAF), Tab 9 at 8-14. On January 28, 2019, the appellant filed a Board appeal challenging his removal. 0154 IAF, Tab 1. The agency moved to dismiss this appeal as premature, 0154 IAF, Tab 12 at 7-9, but in a June 17, 2019 status conference order, the administrative judge declined to do so, concluding that, at that point, 120 days had elapsed since the appellant filed his formal EEO complaint, 0154 IAF, Tab 15 at 1. The administrative judge further noted that, during the status conference, she asked the appellant's counsel if he wanted her to dismiss the appeal without prejudice to refiling for a period of 6 months so that the appellant could proceed before the Equal Employment Opportunity Commission (EEOC), but the appellant declined the opportunity to do so. 0154 IAF, Tab 15 at 1. Then, on August 1, 2019, the appellant filed a pleading requesting to withdraw his Board appeal, and the same day, the administrative judge issued an initial decision dismissing the appeal as withdrawn. 0154 IAF, Tabs 20-21. That decision became final on September 5, 2019, when neither party filed a petition for review of that decision. *See* 0154 IAF, Tab 21, Initial Decision (0154 ID) at 2.

On March 19, 2021, the appellant filed the instant appeal seeking again to challenge his removal. 0234 IAF, Tab 1. The agency moved to dismiss the appeal as untimely filed, or in the alternative, because the appellant made a prior election to challenge his removal through the EEO complaint hearing process. 0234 IAF, Tab 6 at 4-8. The administrative judge subsequently issued an order

noting that the appeal appeared to be untimely filed and ordered the appellant to file evidence and argument regarding the timeliness of his appeal. 0234 IAF, Tab 7 at 1-4. The appellant filed a response, in which he made substantive arguments challenging his removal, and indicated that his appeal was timely filed because more than 120 days had elapsed since he filed his formal EEO complaint and the agency had not issued a final agency decision (FAD) on his complaint. 0234 IAF, Tab 9 at 3-4.

Without holding a hearing, the administrative judge issued an initial decision dismissing the appeal as untimely filed. 0234 IAF, Tab 12, Initial Decision (0234 ID) at 1-7. The administrative judge concluded that the appellant's prior appeal was a timely filed Board appeal of his mixed-case complaint because it was pending before the Board after more than 120 days had passed since the filing of his formal EEO complaint without a FAD being issued by the agency. 0234 ID at 1-7. She further concluded that the appellant's voluntary decision to withdraw that appeal constituted an act of finality that removed the appeal from the Board's jurisdiction, and the subsequent EEOC decision dated March 1, 2021, did not provide the appellant with additional Board appeal rights under the agency's mixed-case complaint procedures. 0234 ID at 7. Consequently, she concluded that the instant appeal was untimely filed, and because the appellant had not shown that he acted with due diligence or ordinary prudence such that he should be entitled to waiver of the filing deadline, she dismissed the appeal. 0234 ID at 7-8.

The appellant has filed a petition for review of the initial decision, arguing that his attorney claimed that his prior Board appeal was dismissed without prejudice to refiling, that his current Board appeal is within the proscribed filing deadlines, and that his attorney experienced issues using the Board's e-Appeal system during the course of the prior Board appeal.[2] Petition for Review (PFR)

---

[2] With regard to the appellant's assertion that his attorney experienced difficulties in attempting to access e-Appeal, this allegation relates to the prior, dismissed appeal and not the instant appeal, so we need not consider it here. PFR File, Tab 1 at 3.

File, Tab 1.  The agency has filed a response, and the appellant has not filed a reply.  PFR File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

Under the doctrine of res judicata, a valid final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action.  *Brown v. Department of the Navy*, 102 M.S.P.R. 377, ¶ 10 (citing *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995)).  Res judicata precludes parties from relitigating issues that were, or could have been raised in the prior action, and is applicable if:  (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases.  *Id*.

In this case, the appellant previously filed a Board appeal of the same adverse action at issue in this case.  0234 ID at 2-3; *see* 0154 IAF, Tab 1.  Although the appeal was premature when filed, during the processing of the appeal, 120 days elapsed from the date that the appellant filed his EEO complaint, vesting his right to appeal his mixed-case complaint.  *See Miranne v. Department of the Navy*, 121 M.S.P.R. 235, ¶ 9 (2014) (explaining that, if the agency has not resolved the employee's discrimination claim or issued its FAD on the discrimination issue within 120 days, the appellant may file an appeal with the Board anytime thereafter).  Thus, requirements (1) and (3) are satisfied, and the application of res judicata turns on whether the dismissal of the appellant's first appeal was a final judgment on the merits.

The appellant moved to voluntarily withdraw his first appeal, making no mention of his previously filed discrimination complaint, or giving any indication that he wished to refile his Board appeal at a later date.  0154 IAF, Tab 20.  Additionally, in dismissing the appeal as withdrawn, the administrative judge

---

Additionally, the appellant has not provided any evidence to support his claim beyond his bare assertion.

assigned to the prior appeal found that the appellant's withdrawal was an "act of finality" and had the effect of "removing the appeal from the Board's jurisdiction." 0154 ID at 1. The appellant did not file a petition for review contesting that determination.

Therefore, we conclude that the dismissal of the appellant's first appeal constituted a dismissal with prejudice of his Board appeal of his timely filed mixed-case complaint. *See Brown*, 102 M.S.P.R. 377, ¶ 10 (finding that the dismissal of the appellant's prior appeal as withdrawn constituted a dismissal of the appeal with prejudice when the withdrawal was not based on incorrect or misleading information, and the appellant did not show that he did not comprehend the implications of his decision). Dismissals with prejudice are generally considered final, and relitigation of such appeals is barred by res judicata. *Id*.; *see Cavanagh v. U.S. Postal Service*, 44 M.S.P.R. 485, 489 (1990) (noting that when a party making a request for a voluntary dismissal affirmatively appears to have intended to abandon the action, the party is barred from bringing a new action on the same subject matter). Accordingly, we vacate the administrative judge's finding dismissing the appeal as untimely filed without good cause shown for the delay and instead dismiss the appeal as barred by the doctrine of res judicata.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

   http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:           *Gina K. Grippando*
                                      _____
                                      Gina K. Grippando
                                      Clerk of the Board

Washington, D.C.